In the Matter of the Application of JOHN J. SCOTT, Petitioner, for a Certiorari Order against MATTHEW J. TOBIN, President of the Board of Managers of Kings Park State Hospital, and MORTIMER W. RAYNOR, M. D., Superintendent of Kings Park State Hospital, Respondents.

Second Department, March 11, 1927.

**Civil service — certiorari to review dismissal of petitioner as assistant engineer at Kings Park State Hospital — petitioner not entitled to formal hearing (Insanity Law, § 45) — matter was referred by superintendent to board of managers and hearing granted with right to be represented by counsel — formality not required on hearing — no evidence of ulterior motive or lack of good faith in conduct of hearing — certiorari dismissed.**

This certiorari proceeding, instituted by petitioner to review his dismissal as assistant engineer at Kings Park State Hospital, is dismissed. The petitioner

was not entitled to a formal hearing or trial. (Insanity Law, § 45.) However, the superintendent of the hospital referred the matter to the board of managers and the petitioner was given full opportunity to present his defense, including the right to be represented by counsel. It was not necessary that the investigation be conducted with all the formalities of a trial. Furthermore, since there was no evidence of ulterior motive or lack of good faith in the conduct of the hearing, the determination is confirmed.

CERTIORARI ORDER granted out of the Supreme Court on the 7th day of August, 1926, directed to Matthew J. Tobin, president of the board of managers of Kings Park State Hospital, and Mortimer W. Raynor, M. D., superintendent of Kings Park State Hospital, commanding them to certify and return to the office of the clerk of the county of Kings all and singular their proceedings had in reference to the dismissal of the petitioner from his position as first assistant engineer of Kings Park State Hospital.

*Alexander I. Rorke,* for the petitioner.

*Robert P. Beyer, Deputy Attorney-General [Albert Ottinger, Attorney-General,* with him on the brief], for the respondents.

PER CURIAM. While the petitioner was not entitled to a formal hearing or trial (Insanity Law, § 45), it appears that the superintendent, before taking action on the charges of neglect of duty filed against the petitioner, referred the matter to the board of managers of the hospital for investigation. The petitioner was afforded full opportunity to present his defense before the board of managers, including the right to be represented by counsel. These investigations are not required to be conducted with all the formalities of a trial in court. The board of managers and the superintendent, after listening to the evidence, have decided that the charges of neglect of duty were sustained. We see nothing in the record to indicate any ulterior motive or lack of good faith in the conduct of the hearing, and we cannot interfere with the determination reached.

The determination should be confirmed, without costs, and the certiorari proceeding dismissed.

Present — KELLY, P. J., MANNING, YOUNG, LAZANSKY and HAGARTY, JJ.

Determination unanimously confirmed, without costs, and certiorari proceeding dismissed.